# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 11-673V
Filed: April 30, 2013

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| CLARENCE MANTLO, | * | **Special Master Zane** |
| | * | |
| Petitioner, | * | |
| v. | * | Stipulation; attorneys' fees and costs; |
| | * | Dismissed case; reasonable basis and |
| SECRETARY OF HEALTH | * | good faith |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Isaiah Richard Kalinowski*Maglio Christopher and Toale, Sarasota, FL, for Petitioner;
*Melonie J. McCall*, United States Dep't of Justice, Washington, D.C., for Respondent.

## UNPUBLISHED DECISION ON ATTORNEYS' FEES AND COSTS[1]

**ZANE,** Special Master.

On April 30, 2013, the parties in the above-captioned case filed a Stipulation of Attorneys' Fees and Costs ("Stipulation") memorializing their agreement as to the appropriate amount of attorneys' fees and costs in this case. Petitioner requests a total award of $13,871.38. Petitioner's counsel represents that Petitioner incurred no personal litigation costs. The undersigned awards the amount to which Respondent does not object.

Petitioner, Clarence Mantlo, filed a petition for vaccine injury compensation on October 13, 2011. Petitioner alleged that Petitioner alleged that he suffered from Guillain-Barré

---

[1] Because this decision contains a reasoned explanation for the Special Master's action in this case, the Special Master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 113 Stat. 2899, 2913 (Dec. 17, 2002). All decisions of the Special Master will be made available to the public unless they contain trade secret or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy. When such a decision or designated substantive order is filed, a party has 14 days to identify and to move to redact such information before the document's disclosure. If upon review of a timely filed motion which includes a proposed redacted decision, the Special Master agrees that the identified material fits within the categories listed above, the Special Master shall redact such material from the version of the decision made available to the public. 42 U.S.C. § 300aa-12(d)(4); Vaccine Rule 18(b).

Syndrome ("GBS") and its sequelae as a result of receipt of two trivalent influenza ("flu") vaccinations. Petition at ¶ 10. Petitioner alleged that he received the first flu vaccination "[e]arly in the month of October, 2010 … at his workplace at American Paper and Twine …," Petition at ¶ 2, and that he received the second flu vaccination on or about October 1, 2011. Petition at ¶ 4.

Subsequent to the filing of his claim, on September 7, 2012, Petitioner filed a Motion for Decision on the Written Record ("Motion for Decision"), in which he acknowledged that it does not appear likely he would be able to prove vaccine causation of the injury alleged, and concluded he did not deem it worthwhile to prosecute his petition. Motion for Decision at ¶¶ 2-3. By decision dated November 19, 2012, that motion was granted and a decision dismissing the case was entered [ECF No. 34].

Even though compensation was denied, a petitioner may be awarded attorneys' fees and costs where her petition was brought in good faith, and he has a reasonable basis for the petition. *See* 42 U.S.C. § 300aa-15(e). Here, counsel for Petitioner spent time gathering medical records for Petitioner that gave indications of a possible causal connection between the vaccination(s) and injury. Thus, to that point, there was a reasonable basis for proceeding, and Petitioner's counsel acted in good faith in so doing.

Subsequently, because counsel was unable to secure an expert opinion, he determined that could not proceed with the claim and requested a ruling on the record as it stood. By requesting a ruling on the record, counsel for Petitioner ensured that there would be no additional unnecessary costs or expenses incurred. Again, counsel had a reasonable basis for proceeding in this manner and acted in good faith.

Based on the foregoing, Petitioner is eligible for an award of attorneys' fees and costs. Respondent does not contend that Petitioner has not satisfied the requirements for an award of fees and costs.

Upon reviewing the request, the court finds the stipulated amount of $13,871.38, in attorneys' fees and costs to be reasonable. Based on the request's reasonableness and pursuant to Vaccine Rule 13, the undersigned **<u>GRANTS</u>** the parties' request as outlined in the Stipulation. The judgment shall reflect that Petitioner is awarded attorneys' fees and costs as follows:

> **in a check made payable jointly to Petitioner (Clarence Mantlo) and Petitioner's counsel (Isaiah Richard Kalinowski of the firm Maglio Christopher and Toale), the amount of $13,871.38. The check for attorneys' fees and costs shall be mailed directly to the main office of Maglio Christopher and Toale, located at 1605 Main Street, Suite 710, Sarasota, Florida 34236.**

The court thanks the parties for their cooperative efforts in resolving this matter.  In the absence of a motion for review filed pursuant to RCFC, Appendix B, the Clerk is directed to enter judgment accordingly.[2]

**IT IS SO ORDERED.**

s/ Daria Zane
Daria J. Zane
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.